IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED
APR 26 2004
Michael N. Milby, Clerk

| | | |
|---|---|---|
| CONSTANCE WILLIAMS, individually and on behalf of all others similarly situated; | § § § § | |
| Plaintiff, | § § | Civil Action No. H-04-1644 |
| vs. | § § | JURY TRIAL DEMANDED |
| LTD FINANCIAL SERVICES I, INC. | § § | COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |
| Defendant. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Constance Williams, individually and on behalf of all others similarly situated, ("Plaintiff" or "Putative Class Members"), brings this action against Defendant LTD Financial Services I, Inc. (hereinafter, "LTD" or "Defendant"), and would show as follows:

I.
OVERVIEW

1.      This is a collective action to recover unpaid wages and overtime compensation brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

2.      LTD does not pay its call center collection representatives for all of the hours they work each week and violated the FLSA by improperly forcing Plaintiff and all those similarly situated to regularly work "off the clock" without additional compensation. Accordingly, the Putative Class Members consist of current and former collection representatives of LTD in United States who were not paid for all of the hours they worked each week in accordance with the FLSA

3.  Plaintiff Constance Williams brings this action on behalf of herself and all others similarly situated employees of LTD to recover unpaid wages, overtime compensation and benefits under §16(b) of the FLSA. 29 U.S.C. §216(b).

## II.
## PARTIES

4.  Plaintiff Constance Williams is an individual who resides in Houston, Harris County, Texas. Williams was a call center collection representative and was employed by Defendant within the meaning of the FLSA during the relevant three-year period. Williams was required to work "off the clock" and did not properly receive all of her wages or overtime compensation for the hours she worked each week. Williams has filed this collective action to recover unpaid wages and overtime compensation owed to her and all other similarly situated employees. Williams' consent to this action is attached as Exhibit 1.

5.  The class of similarly situated employees or potential class members sought to be certified under 29 U.S.C. §216(b) is defined as "all current and former call center collection representatives who were employed by LTD at any time from April 26, 2001 to the present." ("Putative Class Members") The precise size and the identity of the Putative Class Members should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendant or its related and affiliated entities.

6.  Defendant LTD Financial Services I, Inc. is a Texas Corporation. During the relevant time period, LTD was an employer of Plaintiff and the Putative Class Members within the meaning of the FLSA. Upon information and belief, LTD acting through its affiliates and subsidiaries, created, ratified and implemented Defendant's

unlawful payment scheme. LTD can be served with process, by serving its registered agent, Leonard J. Pruzansky, 7322 S.W. Freeway, Suite 1600, Houston, Texas 77074.

## III.
## JURISDICTION

7.  This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331. Plaintiff's claims arise under §§ 7(a)(1), and 16(b) of the FLSA. 29 U.S.C. §§ 207(a)(1), and 216(b). Additionally, this Court has personal jurisdiction over Defendant, since Defendant employed Plaintiff and owned and operated call center collection agencies within the State of Texas during the relevant time period.

## IV.
## VENUE

8.  Venue is proper in the Southern District of Texas under 28 U.S.C. § 1391(a) because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

## V.
## COVERAGE

9.  At all times hereinafter mentioned, Defendant has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

10. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

11. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had

employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

12.     At all times hereinafter mentioned, Plaintiff and the Putative Class Members were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## VI.
## FACTS

13.     Defendant is a collection agency and owns and operates numerous call centers. At all times relevant to this action, Plaintiff and all those similarly situated were employed by Defendant as call center collection representatives.

14.     Plaintiff and all those similarly situated were regularly required to work "off the clock." Specifically, Plaintiff and all those similarly situated were often required to perform a variety of other tasks before and after their shifts which were necessary to performing their jobs. The Putative Class Members were not paid for these types of activities and the additional time spent performing these activities was not reflected on these individuals time sheets. Additionally, Plaintiff and all those similarly situated were often required to work through lunch, but were still docked for lunch breaks which were not taken. Further, although the Putative Class Members were paid a salary, they were illegally docked and did not receive a guaranteed minimum amount of money for each work period. Finally, LTD altered the recorded time of the Putative Class Members in direct contravention of the FLSA. 29 U.S.C. §206(a). Defendant implemented this

unlawful "compensation scheme" in an attempt to avoid the overtime and wage requirements of the FLSA.

15.     Plaintiff is aware of other current and former employees of Defendant who are similarly situated in that they were not properly paid for the hours they worked.

## VII.
## COLLECTIVE ACTION ALLEGATIONS

16.     Other employees have been victimized by this pattern, practice and policy which are in willful violation of the FLSA. Many of these employees have worked with Williams' and have reported that they were paid in the same manner as Williams and were not properly compensated for all hours worked as required by the FLSA. Thus, from discussion with these employees, Williams' is aware that the illegal practice or policies of LTD have been imposed on the Putative Class Members.

17.     The Putative Class Members are all call center collection representatives who regularly worked in excess of 40 hours per week. Accordingly, the employees who were victimized by LTD's unlawful compensation practices are similarly situated to Williams in terms of job duties and pay provisions.

18.     LTD's failure to pay wages and overtime compensation at the rates required by the FLSA result from generally applicable policies and practices and do not depend on the personal circumstances of the Putative Class Members. Thus, Williams' experience is typical of the experience of the Putative Class Members.

19.     The specific job titles or precise job requirements of the various Putative Class Members do not prevent collective treatment. All of the Putative Class Members, regardless of their precise job requirements or rates of pay, are entitled to be properly compensated for all hours worked in excess of 40 hours per week. Although the issue of

damages may be individual in character, there is no detraction from the common nucleus of liability facts. Accordingly the class of similarly situated plaintiffs is properly defined as:

> **All current and former call center collection representatives who worked for collection call centers operated or controlled LTD Financial Services, LTD or LTD Financial Services I, Inc. at any time during the time period April 26, 2001 to the present.**

## VIII.
## FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

20.  During the relevant period, Defendant has violated, and is violating, the provisions of Sections 6 and/or 7 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2), by employing employees in an enterprise within the meaning of the FLSA without compensating such employees for their employment in accordance with 29 U.S.C. §206(a).

21.  Defendant has knowingly, willfully or in reckless disregard carried out its illegal pattern or practice of failing to pay Plaintiff and all those similarly situated all of their wages and overtime compensation. The decision by Defendant to not pay Plaintiff and all those similarly situated all of their wages and overtime compensation was neither reasonable nor in good faith. Accordingly, Plaintiff and all those who are similarly situated are entitled to their unpaid wages and overtime compensation under the FLSA, plus liquidated damages, attorney's fees and costs.

## IX.
## RELIEF SOUGHT

22.  WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

a.  For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff (and those who have joined in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff;

b.  For an Order awarding Plaintiff (and those who have joined in the suit) the costs of this action;

c.  For an Order awarding Plaintiff (and those who have joined in the suit) their attorneys' fees;

d.  For an Order awarding Plaintiff (and those who have joined in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law; and

e.  For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: _____
Michael A. Josephson
Fed. Id. 27157
State Bar No. 24014780
**FIBICH, HAMPTON & LEEBRON, L.L.P.**
1401 McKinney, Suite 1800
Houston, Texas 77010
713-751-0025 (Telephone)
713-751-0030 (Facsimile)
www.fibichhampton.com

ATTORNEY IN CHARGE FOR PLAINTIFF

OF COUNSEL:

FIBICH, HAMPTON & LEEBRON, L.L.P.
1401 McKinney, Suite 1800
Houston, Texas 77010
713-751-0025 (Telephone)
713-751-0030 (Facsimile)

JONES, YOUNG & HUSAIN, LLP
2700 Post Oak Blvd., Suite 1220
Houston, Texas 77056
713-621-8900 (Telephone)
713-621-8909 (Facsimile)

## CONSENT TO BECOME A PARTY PLAINTIFF

By my signature below, I represent to the Court that I do hereby consent to be a party plaintiff in a Fair Labor Standards Act action to collect unpaid wages. I have been given an opportunity to request and review a copy of the employment services agreement and agree to be bound by its terms.

FULL LEGAL NAME:

Constance Williams

SOCIAL SECURITY NUMBER:

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

STREET ADDRESS:

14100 Rio Bonito Dr #151

CITY/STATE/ZIP CODE:

Houston, TX 77083

TELEPHONE NUMBER:

281-568-5379

SIGNATURE/DATE:

*[signature]*

PLEASE RETURN THIS FORM FOR FILING WITH THE COURT TO:

Michael A. Josephson
FIBICH, HAMPTON & LEEBRON, L.L.P.
1401 McKinney, Suite 1800
Houston, Texas 77010
1-888-751-7050
Counsel for Plaintiff

EXHIBIT 1