

United States Courts
Southern District of Texas
FILED

SEP 23 2004

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CONSTANCE WILLIAMS, individually and on behalf of all others similarly situated; | § § § § | |
| Plaintiff, | § § | Civil Action No. H-04-1644 |
| vs. | § § § | JURY TRIAL DEMANDED |
| LTD FINANCIAL SERVICES I, INC. AND LTD FINANCIAL SERVICES, L.P., | § § § § | COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |
| Defendants. | § | |

**PLAINTIFF'S MOTION FOR PROTECTIVE ORDER
AND MOTION TO QUASH DEPOSITIONS AND SUBPOENA DUCES TECUM**

Plaintiff Constance Williams, individually and on behalf of all others similarly situated, (collectively, "Plaintiffs" or "Putative Class Members") files this Motion for Protective Order and Motion to Quash Depositions and Subpoena Duces Tecum and would show as follows:

## I.
## INTRODUCTION

This is a collective action brought under the Fair Labor Standards Act ("FLSA") to recover unpaid overtime wages from Defendants LTD Financial Services, L.P. and LTD Financial Services I, Inc. (collectively, "Defendants"). As the Court is aware, Defendants have refused to comply with the August 19, 2004 Order Granting Plaintiff's Motion for Notice to Potential Class members. *See generally* Docket Entry No. 30 and Defendants' Objections to the Magistrate's August 19, 2004 Order. Incredibly, Defendants are now attempting to take the depositions of Constance Williams and Craig Stevenson, before complying with the Court's Order, before the makeup of the putative

1

class is known, before responding to Plaintiff's First Set of Interrogatories and Request for Production and before complying with the disclosure requirements of Rule 26 of the Federal Rules of Civil Procedure. *See* Notice of Deposition of Constance Williams and Notice of Deposition of Craig Stevenson, attached hereto as Exhibits A and B.

## II.
## ARGUMENT

A. *Motion for Protective Order*

As a preliminary matter, because this case is a collective action, it will proceed as a representative action. *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1214 (5th Cir. 1995). This means that instead of a trial involving every opt-in plaintiff, a representative group of plaintiffs will present their case to the jury. Similarly, discovery will be limited to a small number of opt-ins.[1] Consequently, Plaintiff has filed these motions, in anticipation that the Court (after the close of the opt-in period) will want the parties to confer in order to develop a discovery control plan which is narrowly tailored to the issues raised in this representative action so as to avoid the incredibly burdensome, time consuming and expensive task of conducting individualized discovery regarding the claims of hundreds and hundreds of individuals who are current and former similarly situated employees of Defendants. This approach to collective actions will save the parties money and will conserve judicial resources.

A court has broad discretion to protect a party with a protective order upon on a showing of good cause. FED. R. CIV. P. 26(c). Good cause for a temporary

---

[1] *See, e.g., Reich v. Southern New England Telecommunications Corp.*, 121 F.3d 58, 61, 66-67 (2d Cir. 1997)(approving 2.7% sample size[39 employees] to award back pay to 1500 employees); *Donovan v. Simmons Petroleum Corp.*, 725 F.2d 83, 85-86 (10th Cir. 1983)(one employee from each gas station testified regarding off-the-clock work before and after each shift); *Donovan v. New Floridian Hotel, Inc.*, 676 F.2d 468, 469, 472 (11th Cir. 1982)(back pay awarded to 207 employees based on testimony of 23); *Bradford v. Bed Bath & Beyond, Inc.*, 184 F. Supp. 2d. 1342 (N.D. Ga. 2002)(discovery on 25 of 300 opt-ins)

protective order exists in this case because the judicial system benefits through the "efficient resolution in one proceeding of common issues of law and fact arising from the same alleged . . . activity." *Hoffmann-LaRoche, Inc. v. Sperling,* 493 U.S. 165, 170 (1989). This means that even though Defendants attempting to conduct premature depositions and discovery, judicial economy and efficiency are best served in the collective action context, by allowing the putative class members' claims against Defendants to move forward on a collective basis, including the use of representative, as opposed to individual discovery after the close of the notice period. In other words, the Court should enter a temporary protective order because utilizing representative discovery in this lawsuit will avoid the proliferation of excessive, duplicative and burdensome interrogatories, request for production and cumulative depositions which will inevitably result in an incredible wasting of judicial and party resources.

Plaintiff is not asking this Court to enter a protective order in an attempt to deny Defendants their right to conduct discovery, rather Plaintiff is simply asking the Court to temporarily protect Representative Plaintiff, Opt-In Plaintiffs and witnesses from discovery until the issue of notice has been resolved, the opt-in period is closed and the Court and counsel have an adequate opportunity to determine the appropriate guidelines and limitations to effectively govern discovery in this lawsuit.

**B.**     ***Motion to Quash Depositions and Subpoena Duces Tecum***

As discussed extensively *supra,* it would be premature to conduct depositions of Plaintiffs (Representative and Opt-In) or fact witnesses in this case before Defendants comply with the Court's Order, before the makeup of the putative class is known, before Defendants' respond to Plaintiff's First Set of Interrogatories and Request

3

for Production and before Defendants comply with disclosure requirements of Rule 26 of the Federal Rules of Civil Procedure. In this regard, the Court may protect a party by quashing and/or modifying a subpoena when a motion is filed before the date of performance. FED. R. CIV. P. 45(c)(3)(A). Defendants have noticed the depositions of Constance Williams and Craig Stevenson for October 1 and 12 respectively, *at the office Defendants' counsel*. See Exhibits A and B. Accordingly, Plaintiffs' motion to quash is timely filed before the date for performance.

Plaintiff's argument concerning the protective order is expressly incorporated herein. Plaintiff also generally objects and seek to quash Defendants' depositions notices and subpoena duces tecum for the following reasons:[2]

    a.    **Basis for Objections:**

Defendants' subpoena doesn't allow for a reasonable time for compliance. FED. R. CIV. P. 45(c)(3)(A)(i).

**Corresponding Requests:**

Williams Subpoena Duces Tecum—Request Nos. 1-15.
Stevenson Subpoena Duces Tecum—Request Nos. 1-15.

    b.    **Basis for Objections:**

Defendants' subpoena requires the disclosure of privileged or protected material without a showing of substantial need. FED. R. CIV. P. 45(c)(3)(A)(iii) and (B)(ii).

**Corresponding Requests:**

Williams Subpoena Duces Tecum—Request Nos. 2-5,7,9,12,15
Stevenson Subpoena Duces Tecum—Request Nos. 2-5,7,9,12,15

---

[2] Because the requests identified in Defendants subpoena are quite lengthy, Plaintiffs will simply refer to the specific number of each request that corresponds with each of Plaintiff's objections.

c. **Basis for Objections:**

Defendants' subpoena subjects plaintiffs to an undue burden because Defendants are subject to the requirements of the Fair Labor Standards Act ("FLSA") and are required to keep and preserve time records for all non-exempt and exempt employees for at least three years. *See* 29 C.R.R. §516.5; FED. R. CIV. P. 45(c)(3)(A)(iv). Specifically, the FLSA requires that Defendants' maintain all of Plaintiff's payroll records, including time sheets, time cards and any other device designed to record time. *Id.*

**Corresponding Requests:**

Williams Subpoena Duces Tecum—Request Nos. 8-10, 13-15
Stevenson Subpoena Duces Tecum—Request Nos. 8-10, 13-15

d. **Basis for Objections:**

Defendants' subpoena seeks the discovery of information equally available to defendant (e.g. employment and wage records), which are available from another source that is more convenient and less burdensome. FED. R. CIV. P. 45(c)(3)(A)(iv).

**Corresponding Requests:**

Williams Subpoena Duces Tecum—Request Nos. 8-10, 13-15
Stevenson Subpoena Duces Tecum—Request Nos. 8-10, 13-15

e. **Basis for Objections:**

Defendants' subpoena is overly broad and seeks to inquire into matters which go beyond information which is relevant to Plaintiff's claims or Defendant's defenses. Fed. R. Civ. P. 26(b)(1).

**Corresponding Requests:**

Williams Subpoena Duces Tecum—Request Nos. 1 and 10.
Stevenson Subpoena Duces Tecum—Request Nos. 1 and 10.

f. **Basis for Objections:**

Defendants' subpoena requires disclosure of unretained experts opinions. FED. R. CIV. P. 45(c)(3)(B)(ii).

**Corresponding Requests:**

Williams Subpoena Duces Tecum—Request Nos. 3-6,12
Stevenson Subpoena Duces Tecum—Request Nos. 3-6,12

g. **Basis for Objections:**

Defendants' subpoena attempts to force Plaintiffs to bring documents to the deposition which are in Plaintiffs' constructive possession, even though Plaintiffs' are only required to produce documents which are in its actual possession, custody or control. FED. R. CIV. P. 34(a)(1) and FED. R. CIV. P. 45(c)(3)(A)(iv).

**Corresponding Requests:**

Williams Subpoena Duces Tecum—Request Nos. 1-15.
Stevenson Subpoena Duces Tecum—Request Nos. 1-15.

As demonstrated by Plaintiff's numerous objections and for the reasons set forth above, Defendants' deposition notices and subpoena duces tecum should be quashed by this Court. Moreover, until the notice issue is resolved, the makeup of the putative class is known, Defendants' respond to Plaintiff's First Set of Interrogatories and Request for Production and until Defendants' comply with disclosure requirements of Rule 26 of the Federal Rules of Civil Procedure, it would be prejudicial to Plaintiff and the Putative Class Members to allow Defendants to go forward with these depositions. Plaintiff will likewise agree to refrain from conducting depositions or any additional written discovery until these issues have been resolved by the Court.

## III.
## PRAYER

Plaintiff respectfully requests that this Court enter a protective order which protects Plaintiffs from Defendants' deposition notices and subpoena duces tecum and prohibits the parties from conducting any depositions or written discovery to the Opt-In Plaintiffs until the notice issue is resolved, the makeup of the putative class is known,

Defendants' respond to Plaintiff's First Set of Interrogatories and Request for Production and until Defendants' comply with Rule 26 of the Federal Rules of Civil Procedure.

        Respectfully submitted,

        FIBICH, HAMPTON & LEEBRON, L.L.P.

By: _____
        Michael A. Josephson
        Fed. Id. 27157
        State Bar No. 24014780
        1401 McKinney, Suite 1800
        Houston, Texas 77010
        713-751-0025 (Telephone)
        713-751-0030 (Facsimile)
        www.fibichhampton.com

        ATTORNEY-IN-CHARGE FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

This is to certify that a copy of the above and foregoing motion has been served on Defendants via facsimile on this 23rd day of September 2004.

_____
Michael A. Josephson

## CERTIFICATE OF CONFERENCE

Plaintiff has attempted to confer with defense counsel regarding the relief sought by way of this motion. Plaintiff contacted defense counsel, but defense counsel did not respond. Therefore, it is presumed that defense counsel is opposed to this motion.

_____
Michael A. Josephson

7

IN UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CONSTANCE WILLIAMS, individually and on behalf of all other similarly situated | § § § § | |
| V. | § § § | C.A. NO. H-04-1644 |
| LTD FINANCIAL SERVICES I, INC. | § | |

## NOTICE OF INTENTION TO TAKE
## ORAL DEPOSITION WITH SUBPOENA DUCES TECUM

TO: Plaintiff by and through her attorney of record, Michael A. Josephson, Fibich, Hampton & Leebron, LLP, Attorneys at Law, 1401 McKinney, Ste. 1800, Houston TX 77010-9998.

You will take notice that the oral deposition of CONSTANCE WILLIAMS will be taken at the offices of Hughes, Watters & Askanase, LLP, 1415 Louisiana, 37th Floor, Houston, Texas 77002, on October 1, 2004, commencing at 9:00 a.m., to continue day to day until completed, before LegaLink or another duly authorized officer. This deposition will be videotaped.

In connection with the taking of the deposition and pursuant to the Federal Rules of Civil Procedure, Ms. Williams shall produce the following:

All documents described on the attached Exhibit "A".

Respectfully submitted,

HUGHES, WATTERS & ASKANASE

_____
C. Ed Harrell
TBN: 09042500
1415 Louisiana, 37th Floor
Houston, Texas 77002
(713) 759-0818
(713) 759-6834 -Fax
ATTORNEYS FOR DEFENDANT
LTD FINANCIAL SERVICES I, INC.

P. 1

EXHIBIT A

## CERTIFICATE OF SERVICE

I hereby certify that on September 21, 2004, a true and correct copy of the foregoing has been forward by certified mail, return receipt requested to:

*Via Hand Delivery*
Michael A. Josephson
Fibich, Hampton & Leebron, LLP
1401 McKinney, Ste. 1800
Houston TX 77010

C. Ed Harrell

## EXHIBIT "A"

## DEFINITIONS

1.     "Plaintiff" refers to Plaintiff, Constance Williams.

2.     "Document" means all original written, recorded or graphic matter, whatever denomination, and all non-identical copies thereof, including but not limited to papers, books, records, checks, letters, photographs, tangible things, correspondence, communications, telegrams, cables, telex messages, memoranda, notes, notations, work papers, transcripts, minutes, reports and recordings of telephone or other conversations or of interviews or of conferences or of meetings, affidavits, statements, summaries, opinions, reports, studies, analyses, evaluations, contracts, agreements, jottings, agendas, bulletins, notices, announcements, advertisements, instructions, charts, manuals, procedures, publications, schedules, price lists, client lists, customer lists, journals, statistical records, desk calendars, appointment books diaries, lists, tabulations, programs, data processing input and output, microfilm, books of accounts, records and invoices reflecting business operations, all records kept by electronic, photographic or mechanical means, any notes or graphs relating to the foregoing, all things similar or any of the things foregoing, however denominated.

3.     "Communication" or "communications" means any letter, memo, writing or oral statement, dialogue, colloquy, discussion, or conversation, and also mean any transfer of thoughts or ideas between persons by means of documents, and includes any transfer of data from one location to another by electronic and similar means.

## INSTRUCTIONS

1.     If you have possession, custody or control of a copy of a requested document, but not the original, then production of the copy is requested. If you do not have possession, custody or control of any documents described in any one or more of the following requests, or copies thereof, a written statement that you do not have possession, custody or control of any such documents is a sufficient response to the request. Unless the request specifically directs production of the original document, delivery of an accurate, legible, and complete photocopy of the document requested to Brighton's attorney is a sufficient response to the request.

2.     For purposes of this Request, you are instructed that the masculine includes the feminine, the plural includes the singular, the singular includes the plural, "or" means or/and, and "and" means and/or where the scope of any instruction or request is broadened or more inclusive than if this instruction was not adhered to. Unless otherwise defined, all words and phrases should be understood in context and by their generally accepted definition or usage.

## **DOCUMENTS TO BE PRODUCED**

1. Plaintiff's current resume and/or curriculum vitae and each prior version of your resume and/or curriculum vitae that currently exists.

2. All documents that support any claim for any type of monetary damage that Plaintiff claims she has sustained or allegedly will sustain in the future as a result of the alleged events and allegations made the basis of the lawsuit.

3. All documents and tangible things that have been made or prepared by any expert who may be called to testify (including by affidavit) as a witness in this case.

4. All documents and/or tangible things that have been made or prepared for any expert in anticipation of the expert's testimony, including depositions or by affidavit.

5. All documents and/or things that have been made or prepared by any expert used for any consultation purposes that form the basis, either in whole or in part, of the opinions of any expert who may be called as a witness.

6. All letters and correspondence between you or your agents and any person who may be called as an expert witness.

7. All documents that contain or reflect any notes or statements that you made to anyone else or for yourself concerning the events made the basis of this lawsuit.

8. All policy and procedures manuals or other type of employee handbooks that you received during the time you claim to have been employed by Defendant, as well as any document that shows or suggests that you received such manual.

9. All documents, including those prepared by or for you, that you contend document or evidence that, during your alleged employment with Defendant: a) you worked any time for which you were not compensated; b) you worked more than 40 hours during a work week; c) your time records were not accurate; and d) that you were "illegally" docked excessive time when you were late to work.

10. Please produce copies of any applications and any other documents reflecting attempts to secure any employment that you have sought for the time period beginning January 1, 2001 to the present.

11. All documents sent to you, received by you or obtained on your behalf from the period beginning January 1, 2001 through the present date from the Department of Labor, or any other governmental agency charged with the administration of laws relating to labor relations or employment.

12. The agreement for attorney's fees between you and your current and prior attorneys, and any other documents upon which Plaintiff may rely in seeking an award of attorney's fees this lawsuit.

13. Documents relating to or providing the identity of any witnesses to, or any person with knowledge of, relevant facts concerning the events and allegations made the basis of this lawsuit and events leading up to it, including without limit those persons you "believe" wish to join this lawsuit.

14. All documents showing or reflecting the hours you claim to have worked for Defendant during the period January 1, 2001, to the present.

15. All documents showing or reflecting the hours any person alleged to be a current or former employee of Defendant worked for Defendant during the period January 1, 2001, to the present.

IN UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CONSTANCE WILLIAMS, individually and on behalf of all other similarly situated | § § § | |
| V. | § § § | C.A. NO. H-04-1644 |
| LTD FINANCIAL SERVICES I, INC. | § | |

**NOTICE OF INTENTION TO TAKE**
**ORAL DEPOSITION WITH SUBPOENA DUCES TECUM**

TO:   Plaintiff by and through her attorney of record, Michael A. Josephson, Fibich, Hampton & Leebron, LLP, Attorneys at Law, 1401 McKinney, Ste. 1800, Houston TX 77010-9998.

You will take notice that the oral deposition of CRAIG STEVENSON will be taken at the offices of Hughes, Watters & Askanase, LLP, 1415 Louisiana, 37th Floor, Houston, Texas 77002, on October 12, 2004, commencing at 1:00 p.m., to continue day to day until completed, before LegaLink or another duly authorized officer. This deposition will be videotaped.

In connection with the taking of the deposition and pursuant to the Federal Rules of Civil Procedure, Mr. Stevenson shall produce the following:

All documents described on the attached Exhibit "A".

Respectfully submitted,

HUGHES, WATTERS & ASKANASE

_____
C. Ed Harrell
TBN: 09042500
1415 Louisiana, 37th Floor
Houston, Texas   77002
(713) 759-0818
(713) 759-6834 -Fax
ATTORNEYS FOR DEFENDANT
LTD FINANCIAL SERVICES I, INC.

P. 1


EXHIBIT B

## CERTIFICATE OF SERVICE

I hereby certify that on September 21, 2004, a true and correct copy of the foregoing has been forward by certified mail, return receipt requested to:

***Via Hand Delivery***
Michael A. Josephson
Fibich, Hampton & Leebron, LLP
1401 McKinney, Ste. 1800
Houston TX 77010

_____
C. Ed Harrell

## EXHIBIT "A"

## DEFINITIONS

1. "Plaintiff" refers to Plaintiff, Constance Williams.

2. "Document" means all original written, recorded or graphic matter, whatever denomination, and all non-identical copies thereof, including but not limited to papers, books, records, checks, letters, photographs, tangible things, correspondence, communications, telegrams, cables, telex messages, memoranda, notes, notations, work papers, transcripts, minutes, reports and recordings of telephone or other conversations or of interviews or of conferences or of meetings, affidavits, statements, summaries, opinions, reports, studies, analyses, evaluations, contracts, agreements, jottings, agendas, bulletins, notices, announcements, advertisements, instructions, charts, manuals, procedures, publications, schedules, price lists, client lists, customer lists, journals, statistical records, desk calendars, appointment books diaries, lists, tabulations, programs, data processing input and output, microfilm, books of accounts, records and invoices reflecting business operations, all records kept by electronic, photographic or mechanical means, any notes or graphs relating to the foregoing, all things similar or any of the things foregoing, however denominated.

3. "Communication" or "communications" means any letter, memo, writing or oral statement, dialogue, colloquy, discussion, or conversation, and also mean any transfer of thoughts or ideas between persons by means of documents, and includes any transfer of data from one location to another by electronic and similar means.

## INSTRUCTIONS

1. If you have possession, custody or control of a copy of a requested document, but not the original, then production of the copy is requested. If you do not have possession, custody or control of any documents described in any one or more of the following requests, or copies thereof, a written statement that you do not have possession, custody or control of any such documents is a sufficient response to the request. Unless the request specifically directs production of the original document, delivery of an accurate, legible, and complete photocopy of the document requested to Brighton's attorney is a sufficient response to the request.

2. For purposes of this Request, you are instructed that the masculine includes the feminine, the plural includes the singular, the singular includes the plural, "or" means or/and, and "and" means and/or where the scope of any instruction or request is broadened or more inclusive than if this instruction was not adhered to. Unless otherwise defined, all words and phrases should be understood in context and by their generally accepted definition or usage.

## **DOCUMENTS TO BE PRODUCED**

1. Plaintiff's current resume and/or curriculum vitae and each prior version of your resume and/or curriculum vitae that currently exists.

2. All documents that support any claim for any type of monetary damage that Plaintiff claims she has sustained or allegedly will sustain in the future as a result of the alleged events and allegations made the basis of the lawsuit.

3. All documents and tangible things that have been made or prepared by any expert who may be called to testify (including by affidavit) as a witness in this case.

4. All documents and/or tangible things that have been made or prepared for any expert in anticipation of the expert's testimony, including depositions or by affidavit.

5. All documents and/or things that have been made or prepared by any expert used for any consultation purposes that form the basis, either in whole or in part, of the opinions of any expert who may be called as a witness.

6. All letters and correspondence between you or your agents and any person who may be called as an expert witness.

7. All documents that contain or reflect any notes or statements that you made to anyone else or for yourself concerning the events made the basis of this lawsuit.

8. All policy and procedures manuals or other type of employee handbooks that you received during the time you claim to have been employed by Defendant, as well as any document that shows or suggests that you received such manual.

9. All documents, including those prepared by or for you, that you contend document or evidence that, during your alleged employment with Defendant: a) you worked any time for which you were not compensated; b) you worked more than 40 hours during a work week; c) your time records were not accurate; and d) that you were "illegally" docked excessive time when you were late to work.

10. Please produce copies of any applications and any other documents reflecting attempts to secure any employment that you have sought for the time period beginning January 1, 2001 to the present.

11. All documents sent to you, received by you or obtained on your behalf from the period beginning January 1, 2001 through the present date from the Department of Labor, or any other governmental agency charged with the administration of laws relating to labor relations or employment.

12. The agreement for attorney's fees between you and your current and prior attorneys, and any other documents upon which Plaintiff may rely in seeking an award of attorney's fees this lawsuit.

13. Documents relating to or providing the identity of any witnesses to, or any person with knowledge of, relevant facts concerning the events and allegations made the basis of this lawsuit and events leading up to it, including without limit those persons you "believe" wish to join this lawsuit.

14. All documents showing or reflecting the hours you claim to have worked for Defendant during the period January 1, 2001, to the present.

15. All documents showing or reflecting the hours any person alleged to be a current or former employee of Defendant worked for Defendant during the period January 1, 2001, to the present.